IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02383-DDD-NRN

DANIEL W. HAMANN,

Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF THE INTERIOR,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)
(Dkt. #23)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before me pursuant to an Order (Dkt. #24) issued by Judge Daniel D. Domenico referring Defendant United States Department of the Interior's ("Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. #23.) Plaintiff Daniel W. Hamann, proceeding pro se,[1] filed a response (Dkt. #27), and Defendant filed

---

[1] Because Mr. Hamann proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status

a reply. (Dkt. #28.) On May 3, 2022, the Court heard oral argument from the parties. (*See* Dkt. #29). Now being fully informed and for the reasons discussed below, it is hereby **RECOMMENDED** that the subject motion (Dkt. #23) be **GRANTED**.

## BACKGROUND[2]

Mr. Hamann's Amended Complaint, which consists of an eight-page pleading and over 200 pages of exhibits, cites the Federal Torts Claims Act ("FTCA"), 28 U.S. Code § 2671 *et seq.*, as the jurisdictional basis for suit and seeks $51,223 in damages due to Defendant's "negligence in duty of care in employment." (Dkt. #22 at 3.) Specifically, Mr. Hamann asserts that his claim "is predicated on compensatory damages for loss of property as income. Loss of income was the result of negligence by the agency in failing to compensate as required by standard of care. Such loss of income includes loss of overtime that could have been earned . . . ." (*Id.* at 8.) In addition to lost income, Mr. Hamann's claimed damages also includes $20,000 for "assimilating evidence" and "preparing legal documentation" (*id.*), although the Court notes that a pro se litigant is generally not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

Defendant moves to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on three grounds. First, Defendant argues that the Civil Service Reform Act ("CSRA") preempts Mr. Hamann's FTCA claim. Second, Defendant contends that it

---

does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

[2] Unless otherwise noted, all well-pled allegations are taken from Mr. Hamann's Amended Complaint (Dkt. #22) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

has not waived sovereign immunity for Mr. Hamann's claim. Finally, Defendant asserts that only the United States, not one of its agencies, is a proper defendant in an FTCA action.[3]

## ANALYSIS

The Federal Rules of Civil Procedure instruct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. 12(h)(3); *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). "The party invoking jurisdiction of the court has the duty to establish that federal jurisdiction does exist, but since the courts of the United States are court of limited jurisdiction, there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (quoting *Wilshire Oil Co. of Tex. v. Riffe*, 409 F.2d 1277 (10th Cir. 1969) and *City of Lawton, Okla. V. Chapman*, 257 F.2d 601 (10th Cir. 1958)). Thus, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co. 24*, 518 F.3d 1186, 1189 (10th Cir. 2008).

---

[3] Defendant concedes that Mr. Hamann's failure to name the United States as the defendant was likely an "oversight" that could be easily redressed by a substitution of parties. Because the Court finds that Mr. Hamann's Amended Complaint should be dismissed on other, more substantive grounds, it will not address this argument.

Pursuant to Rule 12(b)(1), a party may bring either a facial or factual attack on subject matter jurisdiction, and a court must dismiss a complaint if it lacks subject matter jurisdiction. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). For a facial attack the court takes the allegations in the complaint as true; for a factual attack, the court may not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)).

Defendant mounts a facial attack to the Amended Complaint, arguing, in part, that the Court does not have subject matter jurisdiction over Mr. Hamann's tort claim because it is preempted by CSRA. The Court agrees.

The CSRA created "an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors," establishes procedures "by which improper action may be redressed," and "appl[ies] to a multitude of personnel decisions that are made daily by federal agencies." *Bush v. Lucas*, 462 U.S. 367, 385–86, 385 n.25 (1983). It is "beyond dispute that the CSRA was intended to provide the exclusive procedure for challenging federal personnel decisions." *Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990). "This comprehensive scheme 'preempts other federal and state claims complaining of prohibited employment practices and precludes claims asserted directly under the Constitution.'" *Franken v. Bernhardt*, 763 F. App'x 678, 680 (10th Cir. 2019) (unpublished) (quoting *Pretlow v. Garrison*, 420 F. App'x 798, 801 (10th Cir. 2011)); *see also Steele v. United States*, 19 F.3d 531, 533

4

(10th Cir. 1994) ("Federal and state court actions complaining of activities prohibited by the CSRA are preempted by the CSRA.") (citation and alterations omitted).

Employment practices that are prohibited under the CSRA include taking or failing to take "any personnel action" for discriminatory or retaliatory reasons. 5 U.S.C. § 2302(b)(1) and (9). "[P]ersonnel action," in turn, is defined broadly to include "a decision concerning *pay*, benefits, or awards . . . ." *Id*. § 2302(a)(2)(A)(ix) (emphasis added).

Mr. Hamann's FTCA claim that Defendant was negligent "in failing to compensate as required" cannot be maintained given the comprehensive procedural and substantive provisions of the CRSA. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 795 (3d Cir. 2003) (declining to imply a cause of action for tort damages arising from federal employment because "the CSRA . . . provides the full scheme of remedies available"); *Billingsley v. Potter*, No. 05-cv-0130-CVE-PJC, 2006 WL 8457237, at *2 (N.D. Okla. Oct. 23, 2006) ("[T]he employment provisions in the . . . CSRA preempt the more general FTCA."); *see also Lampon-Paz v. Off. of Pers. Mgmt.*, 732 F. App'x 158, 160 (3d Cir. 2018) (citing several other cases for the proposition that "the CSRA precludes supplemental remedies under the FTCA in particular"). Because "the civil service laws carefully prescribe how, when, and by whom" the propriety of federal personnel decisions will be reviewed, "[h]ad Congress intended for such decisions to be reviewable in district courts in the context of actions under the Federal Tort Claims Act, it would not have so precisely defined the civil service remedy." *Premachandra v. United States*, 739 F.2d 392, 394 (8th Cir.1984). In other words, Mr. Hamann has no recourse to use the FTCA as a means of circumventing the CRSA when challenging personnel

decisions, including those related to pay. *See Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 940 F.2d 704, 708 (D.C. Cir. 1991).

Mr. Hamann argues in his response that his negligence claim is broader than just "involving pay," although it is hard to see how from his Amended Complaint. (*See* Dkt. #22 at 7 ("The request for relief herein is predicated on compensatory damages for loss of property as income.").) He does allege that he was subjected to "predation and ostracization" and "treated as a juvenile" (*id.* at 7), but how this is related to his claimed compensatory damages (loss of income) is left unexplained. Rather, in his response, he contends that Defendant breached a general duty of care that is mandated by the CSRA, and that the Court has jurisdiction over his negligence claim "where the CSRA provides no remedy." (*Id.* at 11.) However: "the CSRA preempts claims arising directly out of a federal employment relationship even where the plaintiff has no remedy under the CSRA." *Franken*, 763 F. App'x at 681; *see also Bush v. Lucas,* 462 U.S. at 388*; Mangano v. United States,* 529 F.3d 1243, 1246 (9th Cir. 2008).

Accordingly, Mr. Hamann's FTCA claim, which clearly arises in the employment context, is preempted by the CSRA, and dismissal under Rule 12(b)(1) is appropriate. *See Shoate v. U.S. Postal Serv.*, 173 F.3d 864 (10th Cir. 1999) (unpublished) (affirming dismissal under Rule 12(b)(1) where the plaintiff's claim was preempted by the CRSA). In light of this determination, the Court need not address Defendant's sovereign immunity argument.

## RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. #23) be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     May 20, 2022
           Denver, Colorado                    N. Reid. Neureiter
                                              United States Magistrate Judge