IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:21-cv-02383-DDD-NRN

DANIEL W. HAMANN,

    Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF THE INTERIOR

    Defendant.

### ORDER ACCEPTING AND ADOPTING REPORTS AND RECOMMENDATIONS AND DISMISSING CASE

Daniel W. Hamann brings this suit against the United States Department of the Interior over its "negligence in duty of care in employment." (Doc. 22 at 3.) Mr. Hamann alleges that the Bureau of Reclamation, a component of the Department of the Interior, was negligent in not paying him sufficient overtime overtime and is liable under the Federal Tort Claim Act ("FTCA"). *Id.* At the time of filing his amended complaint, Mr. Hamann sought damages of $51,1223 for loss of income. *Id.*

Defendant has filed a motion to dismiss, arguing that the Court does not have subject matter jurisdiction over Mr. Hamann's tort claim because it is preempted by the Civil Service Reform Act (CSRA), which governs disputes arising out of the relationship between the federal government and its employees. (Doc. 23 at 3-9). Magistrate Judge N. Reid Neureiter recommends granting the motion and dismissing this case. (Doc. 30.) Mr. Hamann filed timely objections to Judge Neureiter's report and recommendation and Defendant responded to those objections. (Docs. 31, 32.) Because Judge Neureiter's report and recommendation

- 1 -

was a correct application of the law to the facts alleged here, Mr. Hamann's objections are OVERRULED and Defendant's motion is GRANTED.

## LEGAL STANDARDS

Rule 12(b)(1) allows defendants to assert lack of subject matter jurisdiction as a defense. F.R.C.P. 12(b)(1). "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "In reviewing a facial attack on the complaint, a district court must accept the allegations as true." *Id.* "The party invoking jurisdiction of the court has the duty to establish that federal jurisdiction does exist, but since the courts of the United States are court of limited jurisdiction, there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Thus, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co. 24*, 518 F.3d 1186, 1189 (10th Cir. 2008).

The CSRA "provides a comprehensive claims procedure for most government employees, including a provision for judicial review of final determinations of the Merit Systems Protection Board, where there is an allegation of prohibited personnel practices." *Steele v. United States*, 19 F.3d 531, 532 (10th Cir. 1994); *see also* 5 U.S.C. § 1214. "Federal and state court actions complaining of activities prohibited by the CSRA are preempted by the CSRA." *Steele*, 19 F.3d at 533 (internal brackets omitted). The Supreme Court in *United States v. Fausto* held that the CSRA, through its comprehensive nature, also preempted suits under different federal and state laws by employees who did not have the right to sue under the CSRA. 484 U.S. 439, 440 (1988). The Tenth Circuit interprets

*Fausto* to mean that "if the purpose, text, and structure of a comprehensive federal employment scheme indicates an intent to cabin judicial review to the particular procedures of that scheme, an employee cannot avoid those limited procedures by bringing suit under other provisions of state or federal law." *Tompkins v. United States Dept. of Veterans Affairs*, 16 F.4th 733, 742 (10th Cir. 2021).[1]

## DISCUSSION

Judge Neureiter recommends dismissal of Mr. Hamman's claim because this Court does not have subject matter jurisdiction, as it is preempted by the CSRA. (Doc. 30 at 5.) Judge Neureiter did not reach the other two grounds Defendant contended in its motion to dismiss, that the Department of the Interior has not waived sovereign immunity for Mr. Hamann's claim and that only the United States, rather than one of its agencies, is a proper defendant in an FTCA action.

In response, Mr. Hamann filed an objection, in which he argued that "[t]o state that the CSRA preempts negligence is obviously absurd, legally and morally." (Doc. 31 at 4.) Mr. Hamann also mentioned the "numerous unrefuted facts that substantiate that supervisors and rating officials engage in ignoring, fabricating and lying," as documented in the attachment to his amended complaint.

Although the Court construes Mr. Hamann's pleadings more liberally, his claim does not meet the standard for pleading under 12(b)(1). "[I]f the purpose, text, and structure of a comprehensive federal employment scheme indicates an intent to cabin judicial review to the

---

[1] Under *Tompkins*, federal courts do not have jurisdiction to hear cases arising from employment relationships with the federal government. *Tompkins*, 16 F.4th at 742. As a result, a motion to dismiss under Rule 12(b)(1) is appropriate here.

particular procedures of that scheme, an employee cannot avoid those limited procedures by bringing suit under other provisions of state or federal law." *Tompkins*, 16 F.4th at 742. Mr. Hamann asserts jurisdiction under the FTCA. (Doc. 22 at 3.) The Tenth Circuit has repeatedly recognized that the CSRA preempts the FTCA in disputes arising from employment relationships with the federal government. *See Tompkins*, 16 F.4th at 742; and *Steele*, 19 F.3d at 533. Mr. Hamann's suit under the FTCA is therefore preempted by the CSRA. Since FTCA was the sole basis for jurisdiction in this complaint, it is deficient under Rule 12(b)(1).

## CONCLUSION

Judge Neureiter's Report and Recommendation (Doc. 30) is ACCEPTED and ADOPTED; and

Defendant United States Department of the Interior's Motion to Dismiss (Doc. 23) is GRANTED, and this case is DISMISSED.

DATED: December 12, 2022          BY THE COURT:

_____
Hon. Daniel D. Domenico

- 4 -